**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re* **A.B.**

**No. 21-0646** (Fayette County 19-JA-54)

**MEMORANDUM DECISION**

Petitioner Guardian L.R., by counsel Anthony M. Salvatore, appeals the Circuit Court of Fayette County's July 13, 2021, order terminating her guardianship rights to A.B.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Patrick Morrisey and James W. Wegman, filed a response in support of the circuit court's order and a supplemental appendix. The guardian ad litem, Christopher S. Moorehead, filed a response on the child's behalf in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in failing to reunify petitioner and A.B. after petitioner successfully completed an improvement period.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In April of 2019, the DHHR filed a child abuse and neglect petition alleging that petitioner, who was the child's guardian, exposed A.B. to domestic violence. Petitioner

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

stipulated to the allegations of domestic violence in October of 2019, and the circuit court adjudicated her as an abusing parent.[2] Petitioner was granted an improvement period.

The circuit court held the final dispositional hearing in July of 2021. The circuit court heard testimony from petitioner, a Child Protective Services worker, the child's permanency worker, and the child's current foster care provider. The evidence showed that petitioner's visitation with four-year-old A.B. during the improvement period "did not go very well." Visitation upset A.B., and she would not interact with petitioner. Also, A.B. would "cling" to her foster parents to avoid visitation and did not want to participate in additional visitation with petitioner. A.B experienced nightmares after the visitations. In contrast, the evidence showed that A.B. was "extremely bonded" with her foster family. A.B. referred to her foster parents as her mother and father and considered the other children in the home to be her brothers. Testimony revealed that A.B. experienced a dynamic change while in her foster placement. A.B. was initially "very closed off and . . . just looked sad all the time." By the time of the dispositional hearing, A.B. "smiled all the time" and was "[h]appy all the time." The DHHR and the child's guardian ad litem moved for the circuit court to permanently terminate petitioner's guardianship of the child, citing the fact that the child had been in foster care for fifteen of the preceding twenty-four months. Petitioner argued that she should be reunified with the child. Ultimately, the circuit court found that it was in A.B.'s best interests that the legal guardianship be terminated. Accordingly, the circuit court terminated petitioner's legal guardianship of A.B. by its July 13, 2021, order. Petitioner now appeals that order.[3]

The Court has previously held:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record

---

[2]West Virginia Code § 49-1-201 defines an "abusing parent" as "a parent, *guardian*, or other custodian . . . whose conduct has been adjudicated by the court to constitute child abuse or neglect as alleged in the petition charging child abuse or neglect." (Emphasis added).

[3]According to the parties, the proceedings against the parents are ongoing, but the parents' parental rights were intact at the time of the circuit court's July 13, 2021, order. The permanency plan for A.B. is adoption by her current foster placement with a concurrent plan of permanent legal guardianship in that placement.

viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner argues that the circuit court erred in failing to reunify petitioner and A.B. after petitioner successfully completed an improvement period. However, petitioner has not provided appropriate citations to the record in support of this argument, in violation of Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure, which requires that "[t]he brief must contain an argument exhibiting clearly the points of fact . . . and citing the authorities relied on. The argument must contain appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues were presented to the lower tribunal." Additionally, in an Administrative Order entered December 10, 2012, Re: Filings That Do Not Comply With the Rules of Appellate Procedure, the Court specifically noted that "[b]riefs with arguments that do not contain a citation to legal authority to support the argument presented and do not 'contain appropriate and specific citations to the record on appeal . . .' as required by Rule 10(c)(7)" are not in compliance with this Court's rules. In that order, this Court went on to instruct that "all of the requirements of the Rules must be strictly observed by litigants" because "[t]he Rules are not mere procedural niceties; they set forth a structured method to permit litigants and this Court to carefully review each case." In ordering that all litigants before this Court comply with the Rules of Appellate Procedure, the Court cautioned that "[p]ursuant to Rule 10(j), failure to file a compliant brief 'may result in the Supreme Court refusing to consider the case, denying argument to the derelict party, dismissing the case from the docket, or imposing such other sanctions as the Court may deem appropriate.'" Therefore, due to petitioner's failure to support her argument with a single citation to the meager record she has provided on appeal, the argument may be disregarded.

Nevertheless, even after a thorough review of the eight-page record that petitioner has provided on appeal, it is clear that petitioner is entitled to no relief. While petitioner asserts that she successfully completed an improvement period, the record is void of any evidence to this effect. Moreover, "[i]n making the final disposition in a child abuse and neglect proceeding, the level of [an individual's] compliance with the terms and conditions of an improvement period is just one factor to be considered. The controlling standard that governs any dispositional decision remains the best interests of the child." Syl. Pt. 4, *In re B.H.*, 233 W. Va. 57, 754 S.E.2d 743 (2014). Similarly, this Court has held

> [a]t the conclusion of the improvement period, the court shall review the performance of the parents in attempting to attain the goals of the improvement period and shall, in the court's discretion, determine whether the conditions of the improvement period have been satisfied and whether sufficient improvement has been made in the context of all the circumstances of the case to justify the return of the child.

Syl. Pt. 2, *In re C.M.*, 235 W. Va. 16, 770 S.E.2d 516 (2015) (internal citation omitted). Therefore, even if the record supported petitioner's contention that she successfully completed an improvement period, such a finding is not determinative. Instead, the circuit court found that

3

it was not in A.B.'s best interest to be reunified with petitioner. The evidence showed that visitation between petitioner and A.B. did not go well, the child resisted the visits, and she suffered nightmares after the visits. Further, the evidence showed that A.B. had a strong bond with her foster family. Therefore, we agree with the circuit court's determination that it was in the child's best interests not to be reunified with petitioner. The record provided supports no other conclusion. Accordingly, the circuit court did not err when it terminated petitioner's legal guardianship over A.B. *See* W. Va. Code § 49-4-604(c)(6) (authorizing the circuit court's termination of guardianship rights in child abuse and neglect proceedings).

For the foregoing reasons, we find no error in the decision of the circuit court, and its July 13, 2021, order is hereby affirmed.

Affirmed.

**ISSUED**: March 9, 2022

**CONCURRED IN BY**:

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton
Justice Alan D. Moats sitting by temporary assignment